IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Bluhm,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-18-08015-PCT-DJH<br><br>**ORDER** |

　　　　This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) filed on February 5, 2018 and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Eileen S. Willett (Doc. 15) on February 11, 2019.  Petitioner filed an Objection to the R&R ("Objection") (Doc. 16) on February 28, 2019.  Respondents filed a Reply to Petitioner's Objection ("Reply") (Doc. 17) on March 13, 2019.

　　　　Petitioner raised two grounds for relief in his Petition.  (Doc. 1).  After a thorough analysis, Judge Willett determined that the Petition was filed after the statute of limitations period expired, that the Petitioner was not entitled to statutory or equitable tolling, and that Petitioner has not demonstrated actual innocence.  (Doc. 15).  Accordingly, Judge Willett recommends the Petition be denied and dismissed with prejudice.  (Doc. 15 at 8).

**I.　　Standard of Review**

　　　　The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same).  The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

**II.     Background**

Judge Willett described the procedural background of this case in her R&R. (Doc. 15 at 1-2).  The Court need not repeat that information here.  Moreover, Petitioner has not objected to any of the information in the background section.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection.").  Petitioner also does not object to the factual basis from which Judge Willett calculated Petitioner's applicable statute of limitations and filing deadlines.  Pursuant to the authorities cited above, the Court is also not obligated to review these findings.  Nonetheless, the Court has reviewed these conclusions and agrees with Judge Willett as to their accuracy.

**III.    Petitioner's Objection**

On a general level, Petitioner's Objection reiterates the merit-based arguments he advances in his Petition. (*See* Doc. 16 at 1 ("When it comes to the claim of a warrantless search there were numerous mistakes made by the arresting agency"); *id.* at 2 ("When it comes to Petitioners [sic] of Inaffective [sic] Assistance of Counsel this is also a true and factual claim").  Judge Willett, however, did not reach the merits of Petitioner's claims because she found the Petition was untimely. (Doc. 15 at 8).  *See also White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002) (whether a federal habeas petition is time-barred must be resolved before considering other procedural issues or the merits of any habeas claim).  Thus, even if Petitioner's merit arguments had the requisite specificity for this Court to review, which they do not, the arguments are not objections the Court is obligated to review under the Federal Magistrates Act because they do not contest factual or legal

determinations that Judge Willett made in her R&R. *Thomas*, 474 U.S. at 150 (where there is no objection to a magistrate's factual and legal determinations, the district court need not review the decision "under a *de novo* or any other standard"). Moreover, as discussed *infra*, the Court agrees with Judge Willett that Petitioner's Petition is untimely, and thus also does not reach Petitioner's merit-based arguments.

Although he does not contest the factual underlying Judge Willett's conclusion that Petitioner's habeas filing was untimely, Petitioner nonetheless argues that he "has done everything asked of him once he realized what had to be done to present his case to all the affected courts." (Doc. 16 at 3). Without presenting any specifics as to what circumstances came about that alerted Petitioner what "had to be done," Petitioner urges the Court to "re-review his case to push aside the untimeliness and all that comes with it." (*Id.*) Read liberally, the Court construes Petitioner's arguments to be an objection to Judge Willett's conclusion that he should not be entitled to equitable tolling in assessing the timeliness of his federal habeas petition.

The threshold to meet the requirements for equitable tolling is very high. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The limitations period set forth in 28 U.S.C. § 2244(d) is subject to equitable tolling where a petitioner shows he has been pursuing his rights diligently and that extraordinary circumstances prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is applied sparingly, as reflected by the "extraordinary circumstances" requirement. *Waldron-Ramsey* v. *Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). An "external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at 1011 (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner seeking equitable tolling bears the burden of demonstrating it is warranted in his habeas case. *Doe v. Busby*, 661 F.3d 1001,

1011 (9th Cir. 2011) (citing, *inter alia, Holland*, 560 U.S. at 649).

The Court declines Petitioner's invitation to "re-review" his case and "push aside" the untimeliness of his Petition. Petitioner has failed to demonstrate that any external force caused the untimeliness of either his state court filings or his federal habeas petition. Thus, any objection that Petitioner may have been trying to articulate that he was entitled to equitable tolling is overruled. Having failed to show that he is entitled to equitable tolling, the Court agrees with Judge Willett's conclusion that Petitioner's federal habeas petition is untimely.

**V.   Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Willett's R&R (Doc. 15) is **accepted** and **adopted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 20th day of May, 2020.

Honorable Diane J. Humetewa
United States District Judge